IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NANCY WANJIRU KINUTHIA, #283457, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-939-WHA-WC |
| | ) |
| DREKA DUNBY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Nancy Wanjiru Kinuthia, an indigent state inmate, filed this 42 U.S.C. § 1983 action alleging that three fellow inmates, including Dreka Dunby, spoke to her in a demeaning manner, cursed, and threatened her. Doc. No. 1 at 2–3.

Upon thorough review of the complaint, the court concludes that Kinuthia's federal claims against her fellow inmates are due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. DISCUSSION**

**A. Federal Claims**

Kinuthia presents claims against three inmates for harassing, demeaning, provoking, and threatening her on October 26, 2018. Under applicable federal law, these claims provide no basis for relief in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers*

*Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.  Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))....  [Consequently,] state action requires ... that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted).  It is clear that inmates are not state actors nor are their actions in any way attributable to the State.  In light of the foregoing, the court concludes that the claims on which Kinuthia seeks to proceed against her fellow inmates under 42 U.S.C. § 1983 fail to state claims on which relief may be granted and are therefore subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  Supplemental Jurisdiction

Insofar as Kinuthia seeks relief from this court on a pendent state law claim of harassment, she is likewise entitled to no relief.  Review of any pendent state tort claim is only appropriate upon exercise of this court's supplemental jurisdiction.  In the posture of this case, however, the court concludes that exercise of supplemental jurisdiction over any potential state tort claim is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443–47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

Because the federal claims presented by Kinuthia provide no basis for relief in this cause of action, the court concludes that any pendent state law claim is due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982). The court therefore declines to exercise supplemental jurisdiction over the potential state tort claim of harassment and makes no determination with respect to the merits of this claim.

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. The plaintiff's claims brought under 42 U.S.C. § 1983 against three of her

fellow inmates be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The plaintiff's potential supplemental state tort claim of harassment be dismissed without prejudice to any right the plaintiff may have to proceed on this claim before the state courts.

3. This case be summarily dismissed.

On or before **November 20, 2018**, the plaintiff may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the plaintiff from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of November, 2018.

                                                /s/Wallace Capel, Jr.
                            CHIEF UNITED STATES MAGISTRATE JUDGE